UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

James Laurent,
     Petitioner

     v.                                    Case No. 12-cv-19-SM
                                           Opinion No. 2012 DNH 069
United States of America,
     Respondent

**O R D E R**

Petitioner, James Laurent, was convicted by a jury of six counts of distributing crack cocaine and one count of possessing with the intent to distribute crack cocaine.  21 U.S.C. § 841(a)(1).  He was sentenced to 84 months in prison, but that sentence was recently reduced to 68 months pursuant to retroactively applicable amendments to the Sentencing Guidelines relative to crack cocaine ranges.  Petitioner now seeks habeas relief, styling his petition as one brought under 28 U.S.C. § 2241, rather than § 2255.

**Discussion**

It is not clear why petitioner describes his petition as one brought under § 2241.  Federal prisoners may invoke § 2241 to challenge the execution, rather than the legality or validity, of their sentences.  Here, however, as in United States v. Barrett, 178 F.3d 34 (1st Cir. 1999), petitioner is not challenging the execution of his sentence - the conditions of his confinement,

for example - but the legality of that sentence.  And, a § 2241 petition is properly brought in the district with jurisdiction over the prisoner's custodian (here New Mexico).  See United States v. Glantz, 884 F.2d 1483, 1489 (1st Cir. 1989).

Under normal circumstances, the court might dismiss the petition, as styled, for want of jurisdiction.  Alternatively, it might afford petitioner an opportunity to declare his intent to have the petition treated as one filed under § 2255 before so construing it.  But, petitioner unequivocally seeks review of his conviction and sentence on traditional § 2255 grounds, and the one-year limitations period applicable to such petitions expired on January 19, 2012 (one year after the United States Supreme Court denied his petition for certiorari).  28 U.S.C. § 2255(f)(1).  Accordingly, failure to construe this petition as what it undoubtedly was intended to be would render a later filed petition untimely.

So, construing the petition favorably to Laurent, as one seeking relief under § 2255, it is clear that he "filed" the petition on January 9, 2012, under the "mail rule," and the petition was docketed on January 17, 2012.  Both dates are within the one-year limitations period.

2

**The Merits**

With respect to the merits of petitioner's initial claim - that videotape evidence allegedly destroyed by the government (or, state officers) entitles him to some form of relief beyond this court's earlier dismissal of the charge to which the videotape related, that precise issue was raised in the court of appeals and rejected on the merits.  United States v. Laurent, 607 F.3d 895 (1st Cir. 2010).  His claims related to this court's earlier rulings denying his motions to suppress evidence were also raised before, and rejected by, the court of appeals on direct review.  Id.

Absent an intervening change in the law, petitioner cannot relitigate on collateral review issues that were raised on direct appeal.  Davis v. United States, 417 U.S. 333, 342 (1974); Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994).  Nor may petitioner litigate issues on collateral review that could have been raised on direct appeal but were not, absent a showing of cause excusing the default and actual prejudice from the error he asserts.  United States v. Frady, 456 U.S. 152, 167-68 (1982); Suveges v. United States, 7 F.3d 6, 10 (1st Cir. 1993).

Petitioner also advances an "actual innocence" claim.  That argument reads like a challenge to the sufficiency of the

evidence, but it is a nonstarter. The government produced more than sufficient evidence to establish petitioner's guilt beyond any reasonable doubt as to each count of conviction, and nothing in the record or the petition even remotely calls the verdicts into question. As the court of appeals summarized:

> Multiple members of the surveillance team identified Laurent as Frenchie; he was seen making multiple drug deals almost all in daylight with an undercover officer; and surveillance followed his car from the last drug transaction to the stop where officers found marked bills and more drugs on his person.

Laurent, 607 F.3d at 901. Petitioner did not raise the sufficiency of evidence as an issue on direct appeal, and has not shown cause or prejudice for that failure. See Bousley v. United States, 523 U.S. 614, 622 (1998). Even if he could overcome the "cause" hurdle, nothing in the petition puts in doubt the overwhelming record evidence of guilt in this case, so he could not possibly meet the "prejudice" hurdle.

Finally, petitioner asserts, in passing, that his defense counsel was inadequate in that he failed to challenge the composition of the jury pool and petit jury on grounds that neither represented a fair cross-section of the community because, as he says, there were no African-Americans or Hispanics in the pool or on the petit jury. Assuming there were not, this claim also fails. First, petitioner does not assert that he

asked counsel to raise the issue, or that he provided counsel with any information that might have suggested a viable legal or constitutional claim related to the jury's composition (or that counsel should have known about such information).

Even accepting for argument's sake that no African-Americans or Hispanics were among those persons called for jury service or seated on the petit jury, that fact alone does not establish a constitutional violation.  A criminal defendant is not entitled to have members of any particular racial or ethnic background on a jury or in a jury pool and the jury chosen in a particular case need not "mirror the community and reflect the various distinctive groups in the population." Holland v. Illinois, 493 U.S. 474, 483 (1990).  See also Taylor v. Louisiana, 419 U.S. 522, 528 (1975); United States v. Cooke, 110 F.3d 1288, 1301 (7th Cir. 1997).  Rather, defendants are entitled not to have potential jurors systematically excluded from the selection process based upon protected characteristics, like race or national origin.  Batson v. Kentucky, 476 U.S. 79, 86 (1986).

There is nothing in the petition or record that suggests any basis upon which petitioner's counsel should have considered challenging the empaneled jury on constitutional or statutory grounds.  Indeed, nothing in the petition or record suggests that the jury was not fair and reasonable in relation to the number of

such persons in the community or that any supposed under-representation of African-Americans or Hispanics was due to their systematic exclusion from the selection process. In short, the petition fails to provide any basis upon which it might be found that defense counsel's representation was in any way objectively unreasonable or fell outside the wide range of professional competence expected of counsel. See generally Strickland v. Washington, 466 U.S. 668 (1984).

## Conclusion

Petitioner's claims are without merit. The petition, files and records of the case conclusively show that the petitioner is entitled to no relief, and the petition is dismissed.

The court declines to issue a certificate of appealability. Rule 11(a), Rules governing Section 2255 Proceedings.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 6, 2012

cc: James Laurent, pro se
    Seth R. Aframe, AUSA